BROCKWAY MOTOR TRUCK CORPORATION OF PORTO RICO, Plaintiff and Appellee, v. TIBURCIO LLORENS TORRES, Defendant and Appellant.

No. 6001. Argued May 17, 1933.—Decided May 23, 1933.

L. *Llorens Torres* and *S. León Lugo* for appellant. *Molina, Dubón & Ochoteco* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Tiburcio Llorens Torres signed a promissory note together with other persons, binding themselves jointly and severally (*mancomunada y solidariamente*) to pay to the plaintiff, Brockway Motor Truck Corporation of Porto Rico, the sum of $1,143.51. That instrument reads as follows:

"Amount $1,143.51. Due: November 30, 1931. On the 30th day of November, 1931, for value received, we jointly and severally (*mancomunada y solidariamente*) promise to pay to the order of Brokcway Motor Truck Corporation of Porto Rico, the sum of ONE THOUSAND NINE HUNDRED FORTY-THREE DOLLARS AND FIFTY-ONE CENTS, with interest at the rate of 12 per cent per annum until fully paid; and we expressly submit ourselves to the jurisdiction of the District Court for the Judicial District of San Juan, Puerto Rico, in case suit is brought hereon; and we also bind ourselves to pay all costs, expenses, and attorney's fees in case of judicial claim and even though the proceedings be by default. Ponce, Puerto Rico, June 4, 1931. (Signed) Helen Buchanan Jones.—Juan Emanuelli.—Tiburcio Llorens.—As president of Central Juliana Inc. (Sgd.) Walter McK Jones.—Affidavit No. 2074.—Subscribed before me this 4th day of June, 1931, by Walter McK Jones, Helen Buchanan Jones, Juan Emanuelli and Tiburcio Llorens, of lawful age, married, owners of real estate, and respectively residing, the first two at Villalba, the third at Coamo, and the last at Ponce, all of them personally known to me. (Sgd.) Félix Ochoteco, Jr.—Notary Public."

Plaintiff brought this action against said Tiburcio Llorens Torres as solidary debtor, to recover from him the principal amount of the obligation and in addition the sum of $200,

which it deems to be the just and reasonable value of the professional services rendered by the law firm of Molina, Dubón & Ochoteco. Plaintiff alleges that it has engaged the services of said law firm for the purpose of recovering on the obligation, through judicial action.

The defendant moved to strike out the allegation relating to the attorney's fees and the court overruled that motion, as well as a demurrer subsequently filed on the ground that the complaint did not state facts sufficient to constitute a cause of action.

Thereupon the defendant asked that a final judgment be rendered in order that he might appeal to this Supreme Court. The lower court acted accordingly and entered judgment for the plaintiff.

It is urged by the defendant that the lower court erred in denying the motion to strike out the averment fixing a definite amount as attorney's fees. According to the terms of the instrument sued on, the subscribers thereof agreed to pay costs, expenses, and attorney's fees in case of judicial claim. The contract made by plaintiff with its attorneys fixing the fees for their services does not impose any obligation on defendant as to the value of such services. However, since the makers of the note agreed to pay attorney's fees in case of judicial claim, the defendant as solidary debtor is bound to pay a reasonable amount, which may be fixed by the court in rendering judgment with respect to the principal sum due, without the necessity of any further proceeding.

The question was directly raised by the plaintiff in its complaint. If the defendant was not satisfied with the amount claimed as attorney's fees, he should have objected to the same in order to raise the issue and give the court an opportunity to pass upon the question after hearing the evidence. Far from doing this, he requested and obtained a judgment on the pleadings, and as the amount claimed is not excessive and it is alleged in the complaint that the same is

just and reasonable, we believe that we must accept, without any change or modification, the decision of the lower court.

In *American Colonial Bank* v. *Rossy*, 39 P.R.R. 509, this Court expressed itself as follows:

"Here are the requisites lacking in that case, that is, the court, in view of the previous agreement between the contracting parties and the express allegation of the plaintiff in its complaint, fixed in its judgment the amount of the fees. It was not necessary to await the ulterior proceeding established by law for when the amount remains undetermined.

"The court also has jurisdiction to fix the amount in that second stage of the proceeding and it was not necessary to wait for it because the plaintiff took care to allege from the outset not only the propriety of allowing fees by virtue of the agreement between the contracting parties, but their amount, the defendants being thus afforded an opportunity to argue both questions."

The defendant also maintains that the makers of the promissory note involved did not bind themselves *in solidum* to pay attorney's fees, and that judgment can not be rendered against defendant for the full amount claimed. It does not appear from the text of said promissory note that the liability contracted by the makers was not a solidary one. In the instrument the signers begin by declaring that they jointly and severally promise to pay a certain sum and then go on to state that they submit themselves to the jurisdiction of the District Court of the Judicial District of San Juan, in case of judicial claim, and also agree to pay costs, expenses, and attorney's fees. The obligation assumed is in the nature of a principal obligation as to the amount of the debt and an accessory one as to the costs incurred in the event the debt is sought to be recovered by suit. Costs arose as an incidental liability when the makers of the note defaulted in the payment thereof and the creditor brought suit to recover the debt.

The defendant further maintains that the lower court erred in overruling the demurrer to the complaint on the ground that the same did not state facts sufficient to constitute a cause

of action. The demurrer is predicated upon the fact that the promissory note copied in the complaint appears to be signed by several persons, who bound themselves to pay jointly and severally to Brockway Motor Truck Corporation of Porto Rico the sum of $1,143.51, without setting forth any allegation excusing from payment the other makers of the promissory note, nor facts showing why the full amount is claimed from Llorens. The question raised by appellant was settled by this Court in the case of *Succrs. of Millón & Co.* v. *Caamaño,* 38 P.R.R. 174. There this Court said:

"Referring to the significance and legal value of the context of the note, its first words 'We promise to pay jointly and severally' show expressly the existence of a joint obligation, and the signatures of two persons at the foot of .that document can not be construed or admitted in any other sense than that of giving to the signers the character of obligors in the contract.

"* &ast; &ast; &ast; &ast; &ast; &ast;

"It is said in the document presented: 'We promise to pay jointly and severally, etc., . . .'

"This form of establishing the obligation is nothing else than the expression of solidarity, of the constitution of the liability *in solidum* as regards the debtors, and giving to the creditor the special rights and powers of this kind of obligation, among them that of claiming fulfillment by any one of the obligors in the whole amount."

The attorney for the defendant-appellant argues that the words "jointly" and "severally," connected by the coördinate conjunction "and," are incompatible terms and can not coexist; and that the use of the disjunctive "or" is necessary to expressly establish solidarity. We fail to see the inconsistency claimed. In our view, it is of no importance that the disjunctive "or" was not used as stated by the learned counsel for defendant. The makers of the note bound themselves jointly and also severally. It was for the creditor to enforce either the joint or the solidary liability. If he chose the latter, any one of the subscribers of the note was bound to pay the full amount of the obligation. Of course, both liabilities could not be demanded at the same time, and hence there

should be no occasion for the incompatibility referred to by counsel for defendant to arise.

We are of the opinion that the lower court did not commit any of the errors assigned, and that the judgment appealed from should be affirmed.